*In re* LIQUIDATION OF FIDELITY GENERAL INSURANCE COMPANY.— (TEXAS CONSUMER FINANCE CORPORATION, Petitioner-Appellant, *v.* RICHARD L. MATHIS, Director of Insurance, Respondent-Appellee.)

Fourth District   No. 15679

Opinion filed December 27, 1979.—Rehearing denied January 30, 1980.

Teller, Levit & Silvertrust, P. C., of Chicago (Mark A. Greenhouse, of counsel), for appellant.

Robert A. Mathias, of Rantoul, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

This case concerns the timeliness of a petition to establish a claim filed by Texas Consumer Finance Corporation (TCFC) in the liquidation proceedings brought by the Illinois Director of Insurance (the Director) against Fidelity General Insurance Company (Fidelity) in the circuit court of Sangamon County. On motion of Fidelity, the trial court dismissed the petition. The court's written order dismissing the petition included an express finding pursuant to Supreme Court Rule 304(a) (58 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal. Thus, this appeal by TCFC from that order is properly before us.

Sections 187 through 221.13 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, pars. 799 through 833.13) govern rehabilitation, liquidation, conservation, and dissolution of insurance and surety companies. In the instant proceedings, on motion of the Director, the trial court entered an order requiring all claims against Fidelity to be filed on or before June 1, 1971. Orders of this nature are authorized by section 208(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 820(1)). TCFC's petition to establish claim, however, was not filed until August 14, 1972.

In its petition to establish claim, TCFC alleged that on August 17, 1970, prior to the Director's institution of the instant proceedings against Fidelity, TCFC had filed for an arrangement under chapter XI of the Bankruptcy Act in the United States District Court for the Northern District of Texas, and that court had entered an order retaining TCFC as debtor-in-possession. Section 342 of the Bankruptcy Act (11 U.S.C. §742 (1976)) authorizes a debtor-in-possession to exercise all the powers of a trustee appointed under the Act. TCFC's claim against Fidelity was based on an alleged preferential transfer to Fidelity made within 4 months of the date of instituting bankruptcy proceedings.

TCFC contends that its petition to establish claim was timely filed by virtue of the first sentence of section 11(e) of the Bankruptcy Act (11 U.S.C. §29(e) (1976)) which provides:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy."

The record before us on appeal does not show that TCFC has yet been adjudicated a bankrupt. However, TCFC contends that pursuant to section 312 of the Act (11 U.S.C. §712 (1976)) a petition for an arrangement is treated as the equivalent of an adjudication. TCFC's petition to establish claim was filed within 2 years of its petition for an arrangement.

■■ We agree with the Director that the June 1, 1971, expiration date for filing claims against Fidelity was not a "period of limitation fixed by Federal or State law" upon "any claim" within the meaning of the first sentence of section 11(e) of the Bankruptcy Act. Rather, we determine that the second sentence of section 11(e) controls the timeliness of TCFC's petition to establish claim. That sentence provides in part:

"[W]here in any proceeding, judicial or otherwise, a period of limitation is fixed, either in such proceeding or by applicable Federal or State law, for taking any action, filing any claim or

pleading, or doing any act, and where in any such case such period had not expired at the date of the filing of the petition in bankruptcy, the receiver or trustee of the bankrupt may, for the benefit of the estate, take any such action or do any such act, required of or permitted to the bankrupt, within a period of sixty days subsequent to the date of adjudication or within such further period as may be permitted by the agreement, or in the proceeding or by applicable Federal or State law, as the case may be." (11 U.S.C. §29(e) (1976).)

A noted authority on bankruptcy agrees with this interpretation of section 11(e). 1A Collier on Bankruptcy §11, at 1223 (14th ed. 1978).

■■ Here, the June 1, 1971, expiration date for filing claims against Fidelity was more than 60 days subsequent to TCFC's petition for an arrangement, so section 11(e) did not extend the time for filing claims beyond the date set by the trial court.

Section 208(2) of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 820(2)) permits proofs of claim on good cause shown to be filed subsequent to the date set by the trial court, but no contention as to good cause has been made by TCFC here.

For the reasons stated, the order of the circuit court of Sangamon County dismissing TCFC's petition is affirmed.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.